UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA and JOHN KARCZEWSKI,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF SAN DIEGO; et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:13-CV-02992-CAB-KSC<br><br>**ORDER ON REQUEST TO STAY EXECUTION OF JUDGMENT**<br>**[Doc. Nos. 122, 128]** |

This matter comes before the Court on Defendants' request to stay execution of the judgment pending the resolution of their appeal. [Doc. Nos. 122, 128.] For the following reasons, the Court denies in part and grants in part Defendants' request for a stay pending resolution of the appeal.

## **Background**

Plaintiffs brought suit against Defendants alleging violations of the American with Disabilities Act ("ADA"), 41 U.S.C Sections 12101, *et seq.*, the California Unruh Civil Rights Act (the "Unruh Act"), California Civil Code Section 51, *et seq.,* and the California Disabled Persons Act ("CPDA"), California Civil Code Sections 54.1 *et seq.* [Doc. No. 1.] On June 29, 2016, the Court issued an order on the cross motions for summary judgment, granting Plaintiffs': (1) California Unruh Civil Rights Act, Cal. Civ. Code § 51 *et seq.* claim; (2) California Disabled Persons Act, Cal. Civ. Code § 54.1 et seq. claim; and (3) one Title III ADA claims. [Doc. No. 65.] A trial date was set on the remaining ADA

1

3:13-CV-02992-CAB-KSC

claims, but before the trial commenced the parties reached a settlement. [Doc. No. 66, 85, 93.] On July 24, 2017, the Court awarded Plaintiffs' $83,120.00 attorneys' fees, $6,478.00 in costs, and $12,000 in statutory damages and judgment was entered   [Doc. Nos. 110, 112.]

On August 11, 2017, Defendants filed their Notice of Appeal of the Award of Attorneys' Fees. [Doc. No. 113.]

On January 10, 2018, Plaintiffs filed Requests for Issuance of Writ of Execution on the $113,598.00 judgment. [Doc. No. 116, 117.] On February 7, 2018, Defendants filed a Notice of Filing of Bond/Undertaking of Individual Surety Pursuant to FRCP 62(d) & CivLR 65.1.2(b), (f) or, in the Alternative Should the Court Find the Surety Insufficient, Notice of Suggestion that Security it Unnecessary in this Case, and Additional Alternative Request for Setting of a Hearing on a Motion to Stay Enforcement Pursuant to Fed. R. App. P. 8(a) & CivLR 65.1.2(f)(3).  [Doc. No. 122.]

On April 10, 2018, this Court ordered additional briefing on the necessity of a stay. [Doc. No. 127.]  The parties have submitted the requested additional briefing.  [Doc. Nos. 128, 129.]

## Discussion

In the district court, stays of money judgments are governed by Rule 62(d) of the Federal Rules of Civil Procedure.[1]  If the party taking an appeal from the District Court posts a bond in accordance with the rule he is entitled to a stay of a money judgment as a matter or right. *American Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.,* 87 S. Ct. 1, 3 (1966); *Bass v. First Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000). The rule is a purely procedural mechanism to preserve the status quo during a stay pending

---

[1] Rule 62(d) provides: "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a) (1) or (2).  The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal.  The stay takes effect when the court approves the bond." Fed.R.Civ.P. 62(d).

appeal of a district court decision. *Bass,* 219 F.3d at 1055; *see also N.L.R.B v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988) (the purpose of a supersedeas bond is to protect the appellee from the risk of a later uncollectable judgment and compensate the appellee for any loss resulting from the stay of execution). Under the rule district courts have inherent discretionary authority in setting supersedeas bonds and may waive the bond requirement if it sees fit. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987); *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796-97 (9th Cir. 1989), *vacated on reh'g on other grounds,* 929 F.2d 1358 (9th Cir. 1990) (en banc).

I. Waiver of Supersedeas Bond Requirement

"When a party wishes a court to depart from the usual requirement of a full security supersedeas bond, the burden is on the moving party to show reasons for the departure from the normal practice." *Salameh v. Tarsadia Hotel*, No. 09cv2739-GPC (BLM), 2015 WL 13158486, at *2 (S.D. Cal. May 19, 2015) (internal citations omitted). Although the Ninth Circuit has not articulated what factors should be considered when determining whether to waive the bond requirements, courts within the circuit have often considered those laid out in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988). *See, e.g., ThermoLife Int'l, LLC v. Myogenix*, Case No.: 13-cv-651 JLS (MDD), 2018 WL 1001095, at 1 (S.D. Cal. Feb. 21, 2018) ("In determining whether to waive the posting of a bond, the Court considers what is known as the *Dillon* factors"); *Salameh,* 2015 WL 13158486, at *2 (citing *Dillon* factors); *Kranson v. Fed. Express Corp.*, No. 11-cv-5826-YGR, 2013 WL 6872495, at 1 (N.D. Cal. Dec. 31, 2013) ("Courts in the Ninth Circuit regularly use the *Dillon* factors in determining whether to waive the bond requirement"). The *Dillon* court contemplated:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court had in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the costs of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial

situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon*, 886 F.2d at 904-07.

Here, Defendants request the Court stay the judgment without requiring a supersedeas bond because of the substantial net worth of one of the Defendants, the City of San Diego. [Doc. No. 128 at 5-6.[2]] Defendants assert that the City "is seen by Plaintiffs and their counsel as a joint and several judgment debtor in this matter. There is no reasonable suggestion that the City [] is unable or unwilling to satisfy the judgment in this case" upon the completion of the appeals process. [Doc. No. 128 at 3.] Plaintiffs counter that Defendants have entered into an "indemnity agreement wherein Air California Adventure ("Air California") is holding San Diego harmless in this payment" but the requested relief "would put the entire burden of judgment on the city and the Plaintiff having to enforce the judgment against a party who is seeking relief from damages." [Doc. No. 129 at 5.] Further, Plaintiffs assert that the Court should accept the surety proffered because of the possibility that the Court of Appeals could eliminate the City's liability, leaving Air California as the only Defendant from whom they could collect the monetary judgment. [Doc. No. 129 at 6.]

The Court finds that Defendants have not demonstrated that waiver of the bond requirement is warranted. Because the Defendants are jointly and severally liable under the judgment of this case any assessment regarding the waiver must account for both the City and Air California's ability to pay. *See, e.g., FTC v Neovi,* 2009 WL 10672945, at *3 ("The Defendants are jointly and severally liable under the judgment in this case, and therefore any assessment of the equities must account for all Defendants' ability to pay"). As to Defendant City, its financial security is without question, as evidenced by the 2017

---

[2] Document numbers and page references are to those assigned by CM/ECF for the docket entry.

4

3:13-CV-02992-CAB-KSC

Comprehensive Annual Report,[3] and it undoubtedly has the ability to pay the judgment. [*See* Doc. No. 128-2]. Therefore, requiring it to pay the cost of a bond would be a waste of money. But, the request fails to provide any documentation regarding the financial condition of Air California, the lessee and actual operator of the Gliderport. As a consequence, the Court is unable to make any determination as to Air California's financial condition, establish any degree of confidence in its ability to pay the judgment, nor ascertain what, if any, ramifications would ensue if it was required to post a bond. *See Hines v. Cal. Pub. Utils. Comm'n*, No. C 07-4145 CW, 2010 WL 3565498, at * 1 (N.D. Cal. Sept. 10, 2010) (denying request for waiver of supersedeas bond requirement because plaintiff offered no evidence concerning her financial condition).

In light of the above, the Court has determined that the waiving of the posting of a surety bond on the basis of the financial security of only one Defendant could potentially place Plaintiffs in the very position the bond requirement was designed to prevent, namely, at risk of having an uncollectable judgment. Accordingly, the Court **DENIES** Defendants' motion for order staying enforcement without the posting of a supersedeas bond. [Doc. No. 128.]

   *II. Adequacy of Supersedeas Bond.*

"In setting the amount of the bond or other appropriate security, the court is to be guided by general equitable principles, with the overarching purpose being to safeguard the judgment creditors as completely as possible without irreparably injuring the judgment debtors." *Abbywho, Inc., v Interscope Records*, Case No. CV 06-06724 MMM (JTLx), 2008 WL 11406049, at *3 (C.D. Cal. Aug. 25, 2008) (internal quotation marks and citation omitted). "The standard practice of district courts is to require that the supersedeas bond

---

[3] City requests the Court take judicial notice of the Financial Statement of the City of San Diego for the fiscal year ending June 30, 2017 under Federal Rule of Evidence 201(b) because its accuracy cannot reasonably be questioned. [Doc. No. 128-1.] Plaintiffs have not opposed the use of this document or challenged its authenticity. Accordingly, the Court takes judicial notice of Exhibit A filed in support of the motion to stay. [Doc. No. 128-2.]

be a surety bond, and that it be for the full amount of the judgment plus interest, costs, and an estimate of any damages attributed to the delay. *Hardisty v. Moore*, Case No. 11-cv-1591-BAS-BLM, 2018 WL 558978, at *3 (S.D. Cal Jan 25, 2018) (quoting *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05-cv-1660-J (WMC), 2009 WL 1390811, at *2 (S.D. Cal. May 15, 2009) (citation omitted). *See also Brooktree Corp v. Advanced Micro Devices, Inc.,* 757 F. Supp. 1101, 1104 (S.D. Cal. 1990) (If real property is being used to secure a judgment, it must typically retain a higher value than the base value of the judgment).

Defendants offer the real property located at 4546 Florida Street, San Diego, California 92116, as security if the Court determines that a bond is necessary. [Doc. Nos. 122-1, 122-2.] Robin J. Marien, the owner and operator of Air California Adventure, Inc., and Christine McDonagh, the Chief Financial Officer of Air California Adventure, Inc., as individuals and residents of this district who own property within the district in an amount sufficient to satisfy the requirements of CivLR 65.1.2(b)(3), obligated themselves to satisfy the judgment [*Id*.]

The property offered as surety is within the bounds of this District, is unencumbered by mortgage or any other lien and has been appraised at a value of over $700,000.00. [Doc. Nos. 126, 128 at 4-5.] Pursuant to the judgment, Defendants owe $113,598.00. Thus, the estimate of the property's value would render the property sufficient on its own to secure the judgment. Moreover, Plaintiffs do not challenge the method of the surety proposed. [Doc. No. 129 at 5.] Accordingly, the qualifications of surety, as set forth in Civil Local Rule 65.1.2, have been met and the real property owned is of sufficient value to justify the full amount of the suretyship.

## Conclusion

In accordance with the reasons set forth above, the Court **DENIES** Defendants' request to waive the posting of a bond in order to stay the judgment pending appeal. [Doc. No. 128.] Further, the Court **GRANTS** Defendants' motion to stay enforcement of the judgment pending appeal conditioned upon Defendants posting a supersedeas bond using

the alternate security described above. [Doc. Nos. 122, 128.] Defendants have up to and including **May 14, 2018** to post the bond in accordance with the local rule. Once the bond has been posted the stay shall remain in effect until the appeal before the Ninth Circuit, No. 17-56220, is resolved. If no bond is posted, there shall be no stay of enforcement.

It is **SO ORDERED**.

Dated: April 30, 2018

_____
Hon. Cathy Ann Bencivengo
United States District Judge