

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 07 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SCOTT SCHUTZA and JOHN KARCZEWSKI, <br><br> Plaintiffs - Appellees, <br><br> v. <br><br> CITY OF SAN DIEGO and AIR CALIFORNIA ADVENTURE, INC., a California Corporation, DBA Torrey Pines Gliderport, <br><br> Defendants - Appellants. | No. 17-56220 <br><br> D.C. No. 3:13-cv-02992-CAB-KSC <br> U.S. District Court for Southern California, San Diego <br><br> **MANDATE** |

The judgment of this Court, entered March 12, 2019, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

MOLLY C. DWYER
CLERK OF COURT

By: Rhonda Roberts
Deputy Clerk
Ninth Circuit Rule 27-7

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SCOTT SCHUTZA; JOHN KARCZEWSKI,

        Plaintiffs-Appellees,

 v.

CITY OF SAN DIEGO; AIR CALIFORNIA ADVENTURE, INC., d/b/a Torrey Pines GLIDERPORT, a California Corporation,

        Defendants-Appellants.

No. 17-56220

D.C. No. 3:13-cv-02992-CAB-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Cathy A. Bencivengo, District Judge, Presiding

Argued and Submitted December 5, 2018
Submission Vacated December 7, 2018
Resubmitted March 11, 2019
Pasadena, California

Before: TASHIMA and WARDLAW, Circuit Judges, and PRATT,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa, sitting by designation.

The City of San Diego and Air California Adventure, Inc., appeal the district court's award of statutory damages and attorney's fees to Plaintiffs Scott Schutza and John Karczewski for prevailing on claims under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 *et seq.*, California's Unruh Civil Rights Act, Cal Civ. Code § 51, and the California Disabled Persons Act, Cal. Civ. Code § 54 *et seq.* Plaintiffs brought suit after visiting the Torrey Pines Gliderport, where they encountered a variety of inaccessible amenities. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's finding of entitlement to statutory damages under a state statute for clear error. *Richardson v. Sunset Sci. Park Credit Union*, 268 F.3d 654, 657–58 (9th Cir. 2001). "We review for abuse of discretion a district court's award of attorney's fees under the ADA." *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1157 (9th Cir. 2018).

First, we affirm the imposition of statutory damages because Plaintiffs suffered "difficulty, discomfort, or embarrassment" under California Civil Code section 55.56(c). Plaintiffs testified at their depositions that they personally encountered the portable toilets, found the toilets were too small to accommodate their wheelchairs, and would have used the portable toilets had they been accessible. Plaintiffs further submitted declarations that the restrooms were too small, had doorways that were too narrow, did not have grab bars, and that their experiences caused them "difficulty, frustration and discomfort." As this evidence

was uncontroverted, no rational trier of fact could conclude either that Plaintiffs did not encounter the obstacles or that they did not experience frustration or discomfort. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). We affirm the imposition of statutory damages.

Second, at oral argument Defendants conceded that Plaintiffs were bringing personal encounter claims only under section 55.56(c), and further conceded that, as a result, Defendants did not challenge the statutory damages award on appeal based on a duty to mitigate under California Civil Code section 55.56(i).

Third, the district court did not abuse its discretion in awarding full attorney's fees in light of Plaintiffs' "excellent results." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005). Plaintiffs prevailed on all but one claim, either through summary judgment or consent decree. *See Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013). Plaintiffs' sole unsuccessful claim, regarding uneven and unpaved paths, "arose out of the same 'course of conduct'" and was therefore "related" such that it need not be excluded. *Webb v. Sloan*, 330 F.3d 1158, 1168–69 (9th Cir. 2003) (citation omitted).

Finally, the district court did not abuse its discretion in awarding attorney's fees over Defendants' objections. The party opposing a fee request must "come up with specific reasons for reducing the fee request that the district court finds persuasive," *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008),

was uncontroverted, no rational trier of fact could conclude either that Plaintiffs did not encounter the obstacles or that they did not experience frustration or discomfort. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). We affirm the imposition of statutory damages.

Second, at oral argument Defendants conceded that Plaintiffs were bringing personal encounter claims only under section 55.56(c), and further conceded that, as a result, Defendants did not challenge the statutory damages award on appeal based on a duty to mitigate under California Civil Code section 55.56(i).

Third, the district court did not abuse its discretion in awarding full attorney's fees in light of Plaintiffs' "excellent results." *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005). Plaintiffs prevailed on all but one claim, either through summary judgment or consent decree. *See Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715 (9th Cir. 2013). Plaintiffs' sole unsuccessful claim, regarding uneven and unpaved paths, "arose out of the same 'course of conduct'" and was therefore "related" such that it need not be excluded. *Webb v. Sloan*, 330 F.3d 1158, 1168–69 (9th Cir. 2003) (citation omitted).

Finally, the district court did not abuse its discretion in awarding attorney's fees over Defendants' objections. The party opposing a fee request must "come up with specific reasons for reducing the fee request that the district court finds persuasive," *Moreno v. City of Sacramento*, 534 F.3d 1106, 1116 (9th Cir. 2008),

and the court "need not expressly rule on each" objection, *McGrath v. Cty. of Nev.*, 67 F.3d 248, 255 (9th Cir. 1995). The district court specifically rejected challenges to billing over claims that survived summary judgment. It also reviewed Defendants' other objections and found them unpersuasive. Defendants' objections were often vague, such as objecting that entries were "duplicative" without explaining what they were duplicative of, or objecting that an unsuccessful motion to compel could not be billed without explanation. Similarly, Defendants cited precedent only for the general proposition that excessive, redundant, or unnecessary fees should not be awarded, *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000), but failed to persuade the district court that the challenged entries qualified as such. As that rejection was not "illogical, implausible, or without support," *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc), the district court did not abuse its discretion.

**AFFIRMED.**